UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

**FILED**

DEC 2 9 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION |
| v. | ) ) File No. 06-1324 |
| LA FIESTA OF CANTON, INC., a corporation d/b/a LA FIESTA RESTAURANTE MEXICANO and JUAN CANCHOLA and FILIGONIO CANCHOLA, Individuals, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants **LA FIESTA OF CANTON, INC.**, a corporation d/b/a **La FIESTA RESTAURANTE MEXICANO** and **JUAN CANCHOLA**, and **FILIGONIO CANCHOLA**, Individuals, from violating the provisions of sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. §201, et seq.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. §1345.

II

(a) Defendant, **LA FIESTA OF CANTON, INC. d/b/a LA FIESTA RESTAURANTE MEXICANO** is and at all times hereinafter mentioned was a corporation with an office and a place of business at 1400 S. 5th Avenue, Canon, IL 61520 within the jurisdiction of this court, and is and at all times hereinafter mentioned was engaged under the name and style of **LA FIESTA RESTAURANTE MEXICANO** in the operation of a restaurant and in the performance of related types of activities.

(b) Defendant, **JUAN CANCHOLA**, an individual, resides at 313 Carl Drive, Bloomington, IL 61704 within the jurisdiction of this court, and at all times hereinafter mentioned acted directly or indirectly in the interest of the corporate defendant in relation to its employees.

(c) Defendant, **FILIGONIO CANCHOLA**, an individual, resides at 2807 Phillip Drive, Bloomington, IL 61704 within the jurisdiction of this court, and at all times hereinafter mentioned acted directly or indirectly in the interest of the corporate defendant in relation to its employees.

### III

Defendant **LA FIESTA OF CANTON, INC. d/b/a LA FIESTA RESTAURANTE MEXICANO** is and at all times hereinafter mentioned was part of an enterprise engaged in related activities performed through unified operation or common control for a common business purpose within the meaning of section 3(r) of the Act.

### IV

Defendant **LA FIESTA OF CANTON, INC. d/b/a LA FIESTA RESTAURANTE MEXICANO** is and at all times hereinafter mentioned was part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A)

of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants have repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, by paying many of their employees wages at rates less than $5.15 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid.

VI

Defendants have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

VII

Defendants, employers subject to the provisions of the Act, have repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions

and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

## VIII

During the period since February 2004, defendants have repeatedly and willfully violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a)    For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b)    For an Order

(1)    pursuant to section 16(c) of the Act finding defendants liable for unpaid back wages due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A during the three (3) year period immediately preceding the filing of this complaint and thereafter (additional back

wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

(2) pursuant to section 17 enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid back wages found to be due defendants' employees during the three (3) year period immediately preceding the filing of this complaint and thereafter and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. 6621; and

(c) For an Order awarding plaintiff the costs of this action; and

(d) For an Order granting such other and further relief as may be necessary or appropriate.

HOWARD M. RADZELY
Solicitor of Labor

JOAN E. GESTRIN
Regional Solicitor

*[signature]*
RICHARD A. KORDYS-Bar Number 5480-63
Attorneys for Plaintiff
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street, Suite 844
Chicago, IL 60604
Telephone: (312) 353-1219
Fax: (312) 353-5698
E-mail:kordys-richard@dol.gov

wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

(2) pursuant to section 17 enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid back wages found to be due defendants' employees during the three (3) year period immediately preceding the filing of this complaint and thereafter and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. 6621; and

(c) For an Order awarding plaintiff the costs of this action; and

(d) For an Order granting such other and further relief as may be necessary or appropriate.

HOWARD M. RADZELY
Solicitor of Labor

JOAN E. GESTRIN
Regional Solicitor

*[signature]*
RICHARD A. KORDYS-Bar Number 5480-63
Attorneys for Plaintiff
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street, Suite 844
Chicago, IL 60604
Telephone: (312) 353-1219
Fax: (312) 353-5698
E-mail:kordys-richard@dol.gov

# **EXHIBIT A**

Baxin, Jorge
Baxin, Marino
Collado Avalos, Cesar
Escribano, Juan
Hernandez, Carlos
Hernandez, Jose Luis B.
Hernandez Rojas, Senen
Ruiz, Vicente
Villasecas, Samuel

| U.S. Department of Labor | OFFICE OF THE SOLICITOR<br>230 S. Dearborn Street, 8th Floor<br>Chicago, Illinois 60604 |  |
|---|---|---|
| | Reply to: SOL: RAK<br>Telephone: (312) 353-1219<br>Facsimile: (312) 353-5698 | |

December 27, 2006

John M. Waters, Clerk
United States District Court
Central District of Illinois
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria IL 61602

Re: <u>Secretary of Labor v. La Fiesta of Canton, Inc., a corporation d/b/a La Fiesta Restaurante Mexicano and Juan Canchola and Filigonio Canchola, Individuals</u>

Dear Mr. Waters:

Enclosed please find the original and five (5) copies of a Complaint and Summons for the defendants referred to in the above-referenced matter. An original and two (2) copies of the Civil Cover Sheet are also enclosed.

Please file the originals and return conformed copies to this office with the signed Summons so that they may be served on defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. A self-addressed, franked envelope is enclosed for your convenience.

Thank you for your cooperation in this matter.

Sincerely,

JOAN E. GESTRIN
Regional Solicitor

By /Richard A. Kordys/ NKD
RICHARD A. KORDYS
Attorney

Enclosures

s.a.f.e

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Elaine L. Chao, Secretary of Labor,
United States Department of Labor,

## DEFENDANTS
La Fiesta of Canton, Inc., a corporation., et al.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Fulton
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard A. Kordys, U.S. Dept. of Labor, Office of the Solicitor,
230 S. Dearborn St., Rm. 844, Chicago, IL 60604  312-353-1219

Attorneys (If Known)

RECEIVED
DEC 29 2006
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- 362 Personal Injury - Med. Malpractice
- 365 Personal Injury - Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- [X] 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt.Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U. S. C. Section 201 et seq.
Brief description of cause:
Violations of the Fair Labor Standards Act of 1938, as amended

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 12/27/06
SIGNATURE OF ATTORNEY OF RECORD: Richard A. Kordys

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____