# UNITED STATES DISTRICT COURT
# FOR THE
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) CIVIL ACTION |
| v. | )<br>) File No. 1:06-cv-1324 |
| **LA FIESTA OF CANTON, INC.**, a corporation d/b/a **LA FIESTA RESTAURANTE MEXICANO** and **JUAN CANCHOLA** and **FILIGONIO CANCHOLA,** Individuals, | )<br>)<br>) District Judge Mihm<br>)<br>) Magistrate Judge Gorman |
| Defendants. | ) |

## JOINT REPORT OF DISCOVERY-PLANNING MEETING[1]

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, and Defendants, **LA FIESTA OF CANTON, INC.**, a corporation d/b/a **LA FIESTA RESTAURANTE MEXICANO** and **JUAN CANCHOLA** and **FILIGONIO CANCHOLA,** Individuals, by their undersigned counsel, and submit this "Joint Report of Discovery-Planning Meeting".

1. Pursuant to CDIL-LR 26.2(3) and F.R.Civ.P. 26(f), a meeting was held telephonically and was attended by Richard A. Kordys for plaintiff and Mark D. Johnson for defendants.

    2. **Pre-discovery disclosures.**

    The parties agreed that each party will tender their initial disclosures required under F.R.Civ.P. 26(a)(1) to the other to be received no later than **June 25, 2007.**

---
[1] This submission's format is adapted from **"Form 35. Report of Parties' Planning Meeting"** contained in the Appendix of Forms, F*ederal Rules of Civil Procedure*.

**3.     Discovery Plan.**

The parties jointly propose to the court the following discovery plan:

a.     Discovery will be needed on the following subjects:

All facts and issues related to the allegations in plaintiff's complaint and defendants' answer, including, but not limited to, the following: minimum wage, overtime compensation, liquidated damages, recordkeeping and injunctive relief.

b.     Disclosure or discovery of electronically stored information should be handled as follows:

The parties discussed the discovery and disclosure of electronically stored information. The parties preliminarily state that the nature of the case is such that records and other relevant evidence were not necessarily maintained or stored in an electronic format. The parties state that as discovery progresses and it is determined that their understanding of the status of this information changes that they will address this issue with the court if required at that time.

c.     The parties have agreed to an order regarding claims of privilege or of protection as trial preparation material asserted after production, as follows:

See attached proposed "Agreed Order on Inadvertent Disclosure of Work Product or Privileged Information".

d.     All discovery will be commenced in time to be completed by **March 15, 2008,** unless otherwise noted herein or otherwise extended by court order for good cause shown. All responses to discovery will be considered submitted at time of mailing by first class mail or other comparable service.

1.     A maximum of 40 interrogatories served by defendants to plaintiff and by plaintiff to each defendant. Responses due 30 days after receipt of service, unless otherwise extended by the parties' agreement or by court order. Requests for admission will not be so limited.

2.     A maximum of 10 depositions for each party unless otherwise extended by the parties' agreement or by court order.

3.     Each deposition other than those of the named defendants or plaintiff's representatives shall proceed as provided under the Fed.R.Civ.P.

e.     Reports from retained experts under Rule 26(a)(2) are due:

1.     From plaintiff by:  November 2, 2007

    2. From defendants by:  November 16, 2007

Supplementations under Rule 26(e) due shall be due not later than five (5) days after discovery by the party of such information.

The parties reserve the right to amend the amount of discovery procedures listed herein by agreement or by court order for good cause shown.

**4.** **Other Items.**

  a. A Rule16 Scheduling Conference in Peoria, Illinois is set for May 23, 2007 at 10:00 a.m. before Magistrate Judge John A. Gorman.

  b. Plaintiff should be allowed until October 19, 2007 to amend and/or add additional parties to the action.

  c. Defendants should be allowed until October 19, 2007 to amend and/or add additional parties to the action.

  d. All potentially dispositive motions should be filed by: May 15, 2008

  e. The parties believe that a settlement conference may be appropriate and will be scheduled by the parties with the court when appropriate.

  f. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

    1. From plaintiff by: April 15, 2008

    2. From defendants by:  April 30, 2008

  g. Parties will have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

  h. This case should be ready for trial by August 15, 2008 and at this time should be expected to take approximately 3 days.

**5.     Other Matters**

On January 3, 2007 District Judge Michael M. Mihm entered an order, pursuant to Local Rule 42.1, that this case is to be treated as related to the civil actions identified below:

<u>Elaine L. Chao v. Fiesta Ranchera of West Bloomington, Inc., et al.</u> 1:06-cv-1321
<u>Elaine L. Chao v. Fiesta Ranchera of Illinois, Inc., et al.</u>               1:06-cv-1322
<u>Elaine L. Chao v. Fiesta Ranchera of Bloomington, Inc., et al.</u>       1:06-cv-1323


<u>Dated: May 18, 2007</u>

                                        Respectfully submitted,

                                        **JONATHAN L. SNARE**
                                        Acting Solicitor of Labor

                                        **JOAN E. GESTRIN**
                                        Regional Solicitor


| By <u>/s/ Mark D. Johnson</u> | By <u>/s/ Richard A. Kordys</u> |
|---|---|
| **MARK D. JOHNSON** | **RICHARD A. KORDYS** |
| Bar Number 6211585 | Bar Number 5480-63 |
| | |
| Attorney for Defendants | Attorneys for Plaintiff, **Elaine L. Chao.** Secretary of Labor, U.S. Department of Labor |
| | |
| Johnson Law Office | |
| 115 W. Front Street | Office of the Solicitor |
| Bloomington, IL 61701 | 230 South Dearborn Street, Suite 844 |
| | Chicago, IL 60604 |
| | |
| Telephone: (309) 827-3670 | Telephone: (312) 353-1219 |
| Fax: (309) 827-3991 | Fax: (312) 353-5698 |
| E-mail: mark@johnson-law.net, johnson.law@verizon.net | E-mail: kordys-richard@dol.gov, sol-chi@dol.gov |

## CERTIFICATE OF SERVICE

    I hereby certify that on May 18, 2007 the undersigned electronically filed the foregoing JOINT REPORT OF DISCOVERY-PLANNING MEETING with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> **MARK D. JOHNSON**
> Johnson Law Office
> 115 W. Front Street
> Bloomington, IL  61701
> E-mail: mark@johnson-law.net

> By /s/ Richard A. Kordys
> **RICHARD A. KORDYS**
>
> One of the Attorneys for Plaintiff, **Elaine L. Chao,** Secretary of Labor, U.S. Department of Labor

# UNITED STATES DISTRICT COURT
# FOR THE
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor,  Plaintiff,  v.  **LA FIESTA OF CANTON, INC.**, a corporation d/b/a **LA FIESTA RESTAURANTE MEXICANO** and **JUAN CANCHOLA** and **FILIGONIO CANCHOLA,** Individuals,  Defendants. | ) ) ) ) )   CIVIL ACTION ) )   File No. 1:06-cv-1324 ) ) ) District Judge Mihm ) ) Magistrate Judge Gorman ) |

## AGREED ORDER ON INADVERTENT
## DISCLOSURE OF WORK PRODUCT OR PRIVILEGED INFORMATION

The Court ordered the parties to discuss and include in their Discovery Plan and Rule 16 Scheduling Conference submission provisions addressing the issue of the inadvertent disclosure of work product or privileged information during the course of the parties' litigation in this matter. Upon consideration of the parties' statements and agreement and for good cause it is Ordered that:

1. In view of the potential volume of documents subject to discovery in this case, it is possible that a party responding to discovery may inadvertently produce or send to an opposing party a document for which a claim of privilege, work product protection or other restriction on discovery or disclosure should have been asserted as to the entire document or to some portion of the document.

2. Such a production or delivery shall not constitute the voluntary disclosure of such document or waive any privilege, work product protection or other restriction on

disclosure the responding party may be entitled to assert with respect to such document or any portion of such document or to any other similar document and the parties agree not to argue waiver as to such documents due to such production or delivery in this case; provided, however, that the responding party notifies the receiving party or parties within thirty (30) days following the discovery that a privileged, work product protected or otherwise restricted document or portion of a document was inadvertently produced or sent. The notification requirements shall apply also in any instance when the receiving party has identified that a privileged, work product protected or otherwise restricted document or portion of a document was inadvertently produced or sent and shall notify the responding party immediately that such document has been received.

3. The inadvertent furnishing of privileged, work product protected or otherwise restricted material shall not waive any privilege, work product protection or other restrictions on disclosure with respect to any other document or portion thereof, including any document or portion thereof that contains the same subject matter as the privileged, work product protected or otherwise restricted material, including but not limited to any other documents that may also have been inadvertently produced but about which the notifying counsel is unaware at the time of the notice.

4. The notice required in paragraph (2) above shall be in writing, shall be served upon all counsel, and shall contain information sufficient to identify: (1) the document, including its format, and other information as necessary to locate the materials produced; and (2) the privilege, protection or other restriction on disclosure asserted.

5. Upon receipt of the notice set forth in paragraph 2 above, the receiving party shall within ten (10) business days return all copies of the document to the sending

party, or shall destroy and certify the destruction of all such copies in writing as well as destroy and certify the destruction or deletion from all word-processing or database tape or disk of all notes, memoranda, or other documents prepared by the receiving party after the receiving party reviewed such document(s) that summarize, discuss, or quite the document(s), if any such notes or work product exist; provided, however, that the receiving party shall not be required to return or destroy any CD-ROM or other form of electronic production containing both inadvertently-produced privileged documents and non-privileged documents, until the sending party has provided a CD-ROM or other form of electronic production containing all such non-privileged documents.

6. These provisions do not govern the adjudication of disputes concerning the applicability of privileges, work product protections and other restrictions on disclosure to materials produced in this case. Rather, these provisions govern the procedures by which a producing party may request the return of documents that contain privileged and otherwise restricted material that have been inadvertently furnished to the opposing party.

7. This Order may be modified by any party upon motion for good cause shown.

Ordered this _____ day of _____, 2007

_____
**JOHN A. GORMAN**, Magistrate Judge,
United States District Court,
Central District of Illinois, Peoria Division

|  | |
|---|---|
| | **JONATHAN L. SNARE** <br> Acting Solicitor of Labor <br><br> **JOAN E. GESTRIN** <br> Regional Solicitor |
| By /s/ Mark D. Johnson <br>    **MARK D. JOHNSON** <br>    Bar Number 6211585 | By /s/ Richard A. Kordys <br>    **RICHARD A. KORDYS** <br>    Bar Number 5480-63 |
| Attorney for Defendants | Attorneys for Plaintiff, **Elaine L. Chao.** Secretary of Labor, U.S. Department of Labor |
| Johnson Law Office <br> 115 W. Front Street <br> Bloomington, IL  61701 | Office of the Solicitor <br> 230 South Dearborn Street, Suite 844 <br> Chicago, IL  60604 |
| Telephone: (309) 827-3670 <br> Fax: (309) 827-3991 <br> E-mail: mark@johnson-law.net, johnson.law@verizon.net | Telephone: (312) 353-1219 <br> Fax: (312) 353-5698 <br> E-mail:kordys-richard@dol.gov, sol-chi@dol.gov |